REVISED MARCH 31, 2008

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 18, 2008

Charles R. Fulbruge III
Clerk

No. 07-10348
Summary Calendar

MYRON D. STUTZMAN, personal representative of the Estate of Steven A.
Means, Decedent, on behalf of the Estate of Steve A. Means and for the
benefit of the Decedent's Wife, Children and Mother;
SUSAN LANCASTER MEANS; COURTNEY MEANS POWERS;
BLAKE LANCASTER MEANS; LOREN WINSLOW MEANS;
SUTTON LAURENCE MEANS; CHANDLER SINCLAIRE MEANS;
LOTTIE HESTER MEANS, Individually,

Plaintiffs–Appellants,

v.

RAINBOW YACHT ADVENTURES LIMITED,

Defendant–Appellee.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:06-CV-300

Before HIGGINBOTHAM, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Plaintiffs (collectively Stutzman) appeal from the district court's dismissal of Rainbow Yacht Adventures Limited (Rainbow) for lack of personal jurisdiction, and from the denial of their request to take the deposition of Rainbow's corporate representative. Rainbow is a British Virgin Islands (BVI) company that charters and operates The Arabesque, a BVI sailing vessel. The underlying suit arises from the death of Steven A. Means, a client of Rainbow, who died during a chartered trip on The Arabesque.

Stutzman argues that the district court should have found general personal jurisdiction over Rainbow because: several of Rainbow's clients are U.S. citizens, many of the brokers used by those clients are based in the U.S., many of the charter agreements were likely drafted in the U.S., The Arabesque has entered U.S. waters to pick up clients several times in the past, and the director and controlling shareholder of Rainbow, Stephen Radcliffe (Radcliffe), is a U.S. citizen. Given that Rainbow is a BVI company, operates The Arabesque solely in BVI (except for the limited occasions in the past when The Arabesque entered U.S. waters at the request of clients for pick up), owns property solely in BVI, and maintains bank accounts solely in BVI, the contacts with the United States as a whole[1] cited by Stutzman are too tenuous to meet the "difficult" continuous and systematic contacts test for general personal jurisdiction.[2] Stutzman faults the district court's reliance on cases addressing specific personal jurisdiction, but the general personal jurisdiction requirement is "more demanding" than that for specific personal jurisdiction, so this argument is unavailing.[3]

---

[1] See FED. R. CIV. P. 4(k)(2); Submersible Sys., Inc. v. Perforadora Central, S.A. de C.V., 249 F.3d 413, 420 (5th Cir. 2001).

[2] See Submersible Sys., 249 F.3d at 419-21 (citing Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 416 (1984); 16 James Wm. Moore et al., Moore's Federal Practice ¶ 108.41[3] (3d ed. 1999)).

[3] Jones v. Petty-Ray Geophysical Geosource, Inc., 954 F.2d 1061, 1068 (5th Cir. 1992).

Stutzman objects to the district court's denial of his request to take the deposition of Radcliffe in his capacity as corporate representative of Rainbow. Stutzman fails to articulate what information Radcliffe could have provided that would alter the personal jurisdiction analysis.

Stutzman also argues that we should apply a broader doctrine of specific personal jurisdiction in cases brought under the Death on the High Seas Act (DOHSA) since the DOHSA creates a cause of action for deaths that occur "beyond 3 nautical miles from the shore of the United States,"[4] but Stutzman cites no case law for this proposition. DOHSA does not override the constitutional due process limitations on United States Courts' assertion of personal jurisdiction.

AFFIRMED.

---

[4] 46 U.S.C. § 30302.